And move on to the last case for today Dansberry v. Pfister. Mr. McCabe. Mr. McCabe. May it please the court. My name is Peter McCabe and I represent the petitioner Percell Dansberry. This is an appeal from the denial of a habeas corpus case. We have a situation where we are alleging essentially two things in terms of the due process claims. The first is the failure of the trial judge to state what the mandatory minimum was in terms of the consecutive sentence. And the second claim is did the trial judge make the correct statement with respect to what the maximum determinate sentence was. Not that there was death or life imprisonment, but the maximum determinate sentence. So doesn't this case really turn on whether harmless error analysis is available to us because at the minimum sentence level it's really between knowing that it was really 26 years versus 20 with the possibility of it being 26. And at the maximum level it's this extended term statute where he actually winds up below life and he doesn't get the death penalty. But if harmless error analysis is available then there's a pretty strong case for harmless error here. I would agree with that, Your Honor, because the trial judge who heard the motion to withdraw the plea made a fact finding and the fact finding was that this would not be a game changer. In other words, that he found it very unlikely that the defendant would have withdrawn his plea based on the difference between 26 and 20 years. Right, because A, there's evidence that what he was hoping for was 40 years, and B, there's testimony from counsel that what was on Mr. Dansbury's mind, quite understandably at the time, was avoiding the death penalty. That's correct. So 20 versus 26 years at the bottom end seems like an entirely reasonable conclusion by the state court. Well, I am not going to disagree with that. Good. I think that's strategic. So what do we do with harmless error? Why? Besides, a six looks like a zero anyway. I agree, Your Honor. Here's where we are. Under Boykin, under Brady, there is no question that a defendant has the right to understand his plea, which, as the Third Circuit held in Jamison v. Clem, is the right to know what the mandatory minimum sentence was. Okay? And in that situation, there has to be an automatic reversal, as the dissenting judge in the appellate decision found. By not understanding what the applicable sentence was, the Supreme Court has stated, essentially, we don't get into the Brecht harmless error analysis. We just look at the facts. And was the defendant advised of his minimum sentence? And the answer to that is no. No, you're correct that the answer is no. I think everybody agrees. We're on common ground that there was a mistake in the way the trial judge did it. But what I'm concerned about is where, at this level of generality or specificity, more accurately, has the Supreme Court of the United States established this rule? This case is not like Boykin, where there's just an utter failure to inform the defendant about a whole package of rights. There's a footnote in Dominguez v. Benitez that kind of repeats the Boykin rule when there's no evidence that the defendant knew of the rights, plural, he was putatively waiving. But we can't disagree with the state court unless there's clearly established law from the Supreme Court. So is it Boykin that you're relying on? You don't have anything but Boykin. Boykin and Brady. If the Supreme Court has essentially held that a plea of guilty needs to be knowing, you have to understand what you're giving up, voluntary, and essentially that is it, and understood. So the defendant or the petitioner, Dansbury, did not understand his minimum sentence. The Third Circuit in Jamison v. Clem held that a sentence of four to eight years, which the prosecutor in that case had recommended, was inaccurate because the mandatory minimum was five. You're only talking about one year in that situation. Counsel for the state is correct that the Jamison court, the Third Circuit, did not go into a Brecht analysis because none was necessary. And here's the... Let me ask you this. Do you think that the federal rules of criminal procedure, and I'm thinking particularly Rule 11, violate Boykin insofar as they allow for harmless error analysis of flaws in plea admonishments? Well, the federal rules do permit procedural errors that don't rise to, let's say, constitutional issues. And the court is pretty clear on that. So when you get a situation like you had in Timrec where the court did not advise the defendant that he had a right to counsel, I believe actually Timrec was whether he had a right to a parole. He was advised of his mandatory minimum parole. In other words, that he thought it was three years and it was actually five. And the court, the Timrec court, held that that was not enough of an error. So there is a situation where you may be... Rule 11 is a procedural rule, but... But so, like, Rule 11H is the harmless error rule, if it doesn't... And earlier on in Rule 11, one of the things the judge is supposed to inform a defendant about who's pleading is a mandatory minimum. And so, not that the rule is the Constitution, but it sounds to me that if you were to follow 11H, under your logic, that would be a Boykin violation. That the court who forgets to tell the defendant or misinforms the defendant about a mandatory minimum has committed a structural error. Which would apply, of course, if it is a structural constitutional error. If it is a structural error, as well as the federal... If it is a structural error, and I do believe that it is, it's reversible because the Supreme Court has said that we will reverse on for structural but not procedural. That's correct. Let me make a point that Rule 11 is one side, it basically deals with procedural issues as opposed to the state issues of due process. Here's my point that I'd like this court to consider. If the court views 26 versus 20 to be not enough, well then where in the sliding scale do we find that a defendant would have changed his plea? Let's say in the murder situation, if you've got a sentence of 40 years, but on the attempted armed robbery charge, you have a sentence of 20 years. There's a big difference between 60 and 40. So the Clem court resolved the issue, in my opinion. They said, doesn't make any difference, one year is enough, which is what they had in Clem. So you can take this particular point and, well, is 26 enough versus 20? Is 35 enough versus 25? So I don't think it's a very good idea to have a discussion or a rule which permits a sliding scale. Where do you draw the line? I see my time is up. I'll give you an extra minute at the end and adjust if need be for the state. Mr. McLeish. May it please the court, counsel, Assistant Attorney General Brian McLeish on behalf of the District Court. I'll begin by noting this is a purely legal issue and there's only one issue certified for appeal and that's with regard to the minimum sentence. The District Court did not certify the issue of the maximum sentence and that argument is foreclosed by Seventh Circuit precedent anyhow. The Supreme Court has not recognized this as structural error and therefore it's not a grounds for habeas relief. And second, this court and other courts perform a sliding scale analysis on this type of question all the time in the Rule 11 context and in the Strickland context. For example, if trial counsel had misadvised petitioner about the applicable sentences and petitioner chose to go to trial, he could have later raised an ineffective assistance claim and this court would have done a prejudice analysis and decided whether that misadvice changed his decision to go to trial. So this is exactly the type of thing that courts do and they're good at. That's in terms of whether somebody has the counsel that the Sixth Amendment guarantees. Correct. We need to focus, I think, on how far we can go with Boykin and the fact that Dominguez-Benitez seems to reaffirm Boykin because if the Supreme Court of the United States has said that there is a judicial responsibility in this area, that we do all have to pay attention to. Correct, Your Honor. And the Supreme Court has said in Dominguez-Benitez, in dicta, that when there's no evidence that a defendant understands the rights that he's waiving, you know, the right to confront witnesses against him, the right to a jury trial, then the Supreme Court has suggested that that can't be harmless error. No, they say we don't suggest that such a conviction could be saved even by overwhelming evidence. Right. And that makes sense because if you don't know the rights you're waiving at all, it makes sense to hold that you didn't waive those rights, and we don't care if you would have waived those rights. You didn't actually waive those rights. Here, Petitioner did waive the rights, and the trial judge did not inform him correctly about some of the consequences of waiving those rights, but there's no indication that Petitioner didn't understand the rights that he was waiving. So you're drawing a distinction between the trial rights, such as a right to a guilty beyond a reasonable doubt, et cetera, from, and if you're convicted, you know, here's what you're facing, 26 years up to the death penalty? I'm drawing a distinction only with regard to harmless error. Of course, you know, this court has held in Dalton that defendant is entitled to know those things in order to make a knowing and voluntary plea, but as we can, you know, this is a great example of why harmless error should apply here. This court has, you know, can look at this and decide. This is sort of a know it when you see it sort of thing, right? It is a know it when you see it sort of thing, and it's a kind of know it when you see it sort of thing that courts do in the Rule 11 context. You know, the Seventh Circuit has, in the Rule 11 context, addressed whether misinformation about the mandatory minimum sentence is harmless. We know courts can do this inquiry, and if courts can do this inquiry, then it is susceptible to harmless error analysis. Well, your backup position, as I understand this, even if that's an over-reading of things, that given that we are on habeas review, it's not clearly established enough to grant relief. Correct, Your Honor, and the only, you know, petitioner is hanging his hat on this footnote in Dominguez Benitez, and that's what the district court noted as well, and that is distinguishable for the reasons we've discussed, and so even if that footnote clearly establishes that, you know, a complete lack of admonition is structural error, it doesn't clearly establish that a minor, that a misinformation about the sentencing range is not susceptible to harmless error analysis. So there's an interesting Supreme Court case, I'm thinking it's in the Strickland area, and I'm forgetting the name of it, but it was the misinformation about even a small amount of the sentence could be defective performance, that there wasn't just some, oh, it's just two years, so who cares idea, that people in fact do care about whether it's a little bit longer, a little bit shorter. So I'm thinking of that line of cases and wondering how that factors in here, since six years is a long time to think about prison. Correct, Your Honor, and in some cases, even a defendant facing this exact theoretical sentencing range, it might matter to some defendant. We're not suggesting that it doesn't. However, the facts of this case are that it didn't matter, and that has been found to be true throughout the state court process and in the district court, based on petitioner's own testimony, well, based on petitioner's own allegations. In addition, he never alleged in the state court that it affected his decision. He never alleged that the misinformation about the minimum possible sentence affected his decision. Not only did he not present any evidence about it, he didn't even allege it in his state post-conviction proceeding. Unless this court has further questions, we ask that you confirm the district court. Thank you. No further questions. I will give you one more minute, Mr. McCabe. Your Honors, the Supreme, pardon me, the Third Circuit did hold that precedent in the Brady case was such that the trial judge erred in not advising the defendant of his statutory minimum. So this court's decision, I believe, would be contrary to the Jamison v. Clem decision of the Third Circuit. And I don't believe this court should issue such an opinion or make such a decision. I think there is enough evidence, I think six years versus one year, as well as my sliding scale argument, is enough for this court to determine that constitutional due process requires that a defendant be advised of the statutory minimum. That's my argument. Thank you very much. And you were appointed, were you not, Mr. McCabe? I was. We appreciate very much your taking on this case. It's a great help to the court. My pleasure. And thank you as well to the state. We will take this case under advisement and the court